# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4486-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VALTER SFORCA,

     Defendant-Appellant.

_____

Submitted January 6, 2021 – Decided February 1, 2021

Before Judges Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 12-08-0621.

Joseph E. Krakora, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Meredith L. Balo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Valter Sforca appeals from an April 25, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We derive the following facts from the record. A Union County grand jury returned a ten-count indictment against defendant. Pertinent to this appeal, the indictment charged: first-degree aggravated sexual assault of a victim less than thirteen years old, N.J.S.A. 2C:14-2(a)(1) (count one); second-degree sexual assault, N.J.S.A. 2C:14-2(b) (count four); fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b) (count six); and second-degree sexual assault, N.J.S.A. 2C:14-2(b) (count seven).

During a February 19, 2013 pre-trial conference, defendant indicated that he wanted to enter a plea but needed more time. The court afforded defendant additional time, reminding him of the State's final plea offer and his sentencing exposure if he went to trial—an aggregate fifty-five-year term, subject to an eighty-five percent period of parole ineligibility. Defendant was advised that a plea cutoff and trial date would be imposed if a plea agreement was not reached by the next court appearance.

On March 12, 2013, defendant pled guilty to counts one, four, six, and seven. The plea agreement recommended a ten-year term, subject to an eighty-

five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on count one; a concurrent seven-year NERA term on count four; an eighteen-month term on count six; and a seven-year NERA term on count seven; with all terms running concurrently. Defendant would be subject to Parole Supervision for Life, N.J.S.A. 2C:43-6.4, and Megan's Law, N.J.S.A. 2C:7-1 to -23. The remaining six counts would be dismissed at sentencing.

During the plea hearing, defendant acknowledged he had been provided with full discovery and reviewed it with his attorney, including the police reports. He further acknowledged: (a) discussing possible motions with counsel; (b) he did not need additional time to speak to his attorney or anyone else; (c) he understood the rights he would be waiving if he plead guilty; (d) no one had forced or threatened him to waive those rights; and (e) he was "giving [his] plea freely, voluntarily, knowingly and intelligently." Defendant also acknowledged that he was satisfied with counsel's advice.

The terms of the plea agreement were recited on the record. Defendant acknowledged that he read and understood the plea forms, initialed the forms, and signed them. He further acknowledged that the answers on the plea forms were his, that he had reviewed his answers with his attorney. Defendant also

acknowledged his sentencing exposure on each count he was pleading guilty to if he went to trial as well as the recommended sentence.

Defendant indicated that he was pleading guilty because he was guilty and for no other reason. He then provided a detailed factual basis for each count that he was pleading guilty to. As to each of those counts, he acknowledged the identity and age of each victim at the time of the offenses. Each of the victims were friends of defendant's daughter. As to count one, he admitted digitally penetrating K.G.'s vagina for his own sexual gratification. K.G. was less than thirteen years old at the time. As to count four, defendant admitted "touch[ing] A.S. over the clothing on top of her genitalia, her vagina" for his "own sexual gratification and own sexual arousal." A.S. was eleven years old at the time. As to count six, he admitted touching M.M. "over the clothing on top of her vagina and genitalia for [his] own sexual gratification and arousal." M.M. was seventeen years old at the time. As to count seven, defendant admitted to "touch[ing] K.M. on top of – over her clothing on top of her genitalia, or vagina, for [his] own sexual gratification and arousal." K.M. was then eight years old.

The court accepted the pleas as being freely and voluntarily entered after receiving the advice of competent counsel and that the pleas were supported by adequate factual bases. Finally, defendant reiterated that he had no questions.

On September 20, 2013, the court conducted the sentencing hearing. Defense counsel indicated that the presentence report was accurate and asked the court to impose the recommended sentence. Defendant chose not to allocute. The court found aggravating factors one (nature of the offense), two (seriousness of harm to the victim), three (risk of reoffending), and nine (need for deterrence). N.J.S.A. 2C:44-1(a)(1), (2), (3), and (9). The court also found mitigating factor seven (no prior record). N.J.S.A. 2C:44-1(b)(7). The court concluded that the aggravating factors outweighed the sole mitigating factor. Defendant was sentenced in accordance with the terms of the plea agreement. He did not file a direct appeal.

On October 1, 2018, defendant filed a pro se petition for PCR. Counsel was appointed to represent him and filed an amended petition. Defendant claimed that his sentence on count one was illegal because there was no evidence of digital penetration. Defendant also claimed: (1) trial counsel was ineffective by advising him to plead guilty to a crime he did not commit; (2) his factual basis was given unknowingly; (3) criminal sexual contact was not an enumerated offense under N.J.S.A. 2C:47-1; and (4) the Sexual Assault Nurse Examiner Program (SAANE) fee should not have been assessed on the criminal sexual contact conviction.

5

Judge Regina Caulfield found that defendant's claims were belied by the plea transcript. As to count one, defendant twice admitted digital penetration. While the phrase "digital penetration" may not have been used during the plea hearing, the judge considered that mere "legal terminology" and noted defendant "admitted putting his finger inside the vagina of [K.M.]. That is sufficient under the law to qualify as an act of penetration and therefore forms the [factual] basis of an aggravated sexual assault plea." Accordingly, the judge rejected defendant's argument that counsel misinformed him about what would qualify as penetration.

The judge noted that the plea hearing demonstrated that counsel reviewed the discovery with defendant, including the police reports, and discussed possible motions and the likelihood of conviction. As to defendant's claim that counsel instructed him to plead guilty to the aggravated sexual assault, a crime he now asserts he did not commit, the judge observed that defendant acknowledged that no one forced him, instructed him, or expected him, to give certain answers. On the contrary, defendant requested the judge to accept his guilty plea and acknowledged that he was "pleading guilty because [he was] guilty and for no other reason." Furthermore, defendant indicated that he did not need more time to talk to his attorney, and did not express any confusion,

hesitation, or disagreement with his attorney, and provided a factual basis for each count. The judge pointed out that counsel was successful in negotiating the minimum ten-year term on count one, where the sentencing range was ten to twenty years, with all other terms running concurrently despite there being four separate victims.

The judge labelled defendant's claim that counsel failed to investigate the case as a mere "b[a]ld assertion." She found that he did not demonstrate any facts that an investigation would have revealed.

The judge also rejected defendant's confusing argument that the conviction for criminal sexual contact was invalid because it is not an enumerated offense subject to Megan's Law. The court explained that defendant pled guilty to aggravated sexual assault and sexual assault, each rendering him subject to Megan's Law.

Finally, the judge rejected defendant's argument that a SAANE penalty should not have been imposed on count six. The court found that the penalty applied to criminal sexual contact.

Based on these findings and conclusions, the judge denied the petition, determining that none of defendant's claims had merit, he had not established a

prima facie case of ineffective assistance of counsel, and an evidentiary hearing was not necessary. This appeal followed.

On appeal, defendant argues:

> THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FROM HIS PLEA ATTORNEY WHO (1) MISINFORMED HIM ABOUT WHAT CONSTITUTED PENETRATION FOR A FIRST-DEGREE AGGRAVATED SEXUAL ASSAULT OFFENSE; (2) INSTRUCTED HIM TO PLEAD GUILTY TO THAT OFFENSE, A CRIME HE DID NOT COMMIT; AND (3) DID NOT CONDUCT AN APPROPRIATE INVESTIGATION.

Under the Sixth Amendment of the United States Constitution, a criminal defendant is guaranteed the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A PCR petitioner must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Ibid.; accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test).

In a conviction based on a guilty plea, the petitioner must show "a reasonable probability that, but for counsel's errors, [the petitioner] would not

8

have pleaded guilty and would have insisted on going to trial," Hill v. Lockhart, 474 U.S. 52, 59 (1985), and doing so "would have been rational under the circumstances," Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)).  See also State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009).  "A reasonable probability is a probability sufficient to undermine the confidence in the outcome."  Strickland, 466 U.S. at 694.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," that a defendant "must demonstrate the reasonable likelihood that his . . . claim will ultimately succeed on the merits."  State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462-63 (1992)).  Moreover, an evidentiary hearing is not required unless the court determines "that there are material issues of [disputed] fact that cannot be resolved by reference to the existing record."  R. 3:22-10(b).  "Defendant may not create a genuine issue of disputed fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation."  State v. Blake, 444 N.J. Super. 285, 299 (App. Div. 2016).

To establish a prima facie case of ineffective assistance of counsel, defendant "must do more than make bald assertions" that counsel's performance

was substandard. State v. Porter, 216 N.J. 343, 355 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). "Rather, defendant must allege specific facts and evidence supporting his allegations." Ibid. "However, a defendant is not entitled to an evidentiary hearing if the 'allegations are too vague, conclusory, or speculative.'" Id. at 355 (quoting Marshall, 148 N.J. at 158). "Thus, when a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. (quoting Cummings, 321 N.J. Super. at 170). Accord R. 3:22-10(c).

Applying those principles, we affirm substantially for the reasons given by Judge Caulfield in her thorough and thoughtful oral decision. We add the following comments.

As correctly noted by the judge, under N.J.S.A. 2C:14-1(c), "sexual penetration" includes "insertion of the hand, finger or object into the vagina by . . . the actor." Moreover, "[t]he depth of insertion shall not be relevant as to the question of commission of the crime." Defendant's testimony during the plea hearing clearly established penetration. The judge properly rejected defendant's claim that the factual basis was inadequate. More fundamentally, defendant has

10

not demonstrated how counsel misinformed him of this element or how any such misinformation rendered the plea invalid.

Defendant's contention that counsel failed to investigate his case amounted to nothing more than an unsupported, bald assertion. Noticeably absent was any evidence that additional investigation would have disclosed, much less how that information would likely have changed the outcome of the case.

Defendant claimed that the $800 SAANE penalty did not apply to criminal sexual contact. We disagree. Criminal sexual contact, N.J.S.A. 2C:14-3(b), is one of the offenses enumerated in N.J.S.A. 2C:7-2. Therefore, the SAANE penalty was properly imposed on that count. N.J.S.A. 2C:43-3.6.

Lastly, defendant's claim that he was somehow pressured into pleading guilty to count one despite being innocent of that crime is belied by the plea hearing transcript. The record is barren of any evidence that he pled guilty to that crime because he was coerced or threatened by counsel.

Defendant's arguments are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11